**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| James Broadnax, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-03132 |
| | § | |
| Lizette Fernandez, et al., | § | |
| | § | |
| Defendants. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff James Broadnax ("Plaintiff" or "Mr. Broadnax") and Defendants Lizette Fernandez s/h/a Nurse Fernandez ("Fernandez"), Paul Reilley ("Reilley"), Joni Schaeffer ("Schaeffer"), Samantha Horn ("Horn"), Jamar Bey ("Bey"), Suzanne Fults ("Fults"), Owen Murray ("Murray"), Bryan Collier ("Collier"), Bobby Lumpkin ("Lumpkin"), and Lannette Linthicum ("Linthicum") (together, "Defendants," and together with Plaintiff, the "Parties"), respectfully submit the following Joint Discovery and Case Management Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. The parties note that Plaintiff's position is that discovery should proceed, while Defendants' position is that discovery should be stayed and should not proceed, and as a result the parties have been unable to negotiate an agreed-upon discovery schedule and therefore propose alternative dates in the joint discovery plan below.

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The parties met and conferred via Zoom on November 1, 2024. [1]  Pietro Signoracci and

---

[1] Defendants Bryan Collier, Bobby Lumpkin, Lannette Linthicum, and Owen Murray were added as parties in Plaintiff's Amended Complaint filed November 25, 2024 (ECF 35). They were not parties to the suit at the time of the initial 26(f) conference.

Julia Logue attended on behalf of Plaintiff James Broadnax.  Alyson Chensasky attended on behalf of Defendants Reilley, and Fernandez.  Alyssa Cervantes attended on behalf of Defendants Horn, Bey, Schaeffer, and Fults.

The parties met and conferred via Zoom on December 19, 2024.  Pietro Signoracci, Kennedy Barber-Fraser, and Julia Logue attended on behalf of Plaintiff James Broadnax.  Alyssa Cervantes attended on behalf of Defendants Horn, Bey, Schaeffer, Fults, Collier, Lumpkin, and Linthicum.  Plaintiff's counsel conferred via email with Alyson Chensasky, counsel for Defendants Fernandez, Reilley, and Murray.

Defendants Fisher and Perkins have not appeared and are not yet represented by counsel.

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3. <u>Briefly</u> describe what this case is about.**

Plaintiff's Position: In September 2023, Mr. Broadnax suffered a collapsed lung while incarcerated at the Allan B. Polunsky Unit in West Livingston, Texas.  He exhibited symptoms consistent with a collapsed lung beginning on September 13, 2023 and alerted both prison staff and medical staff of his condition.  Despite attempting to file multiple "sick call" requests to be seen by a medical professional, Mr. Broadnax did not receive any medical attention until September 20, 2023, when he was taken to a hospital for surgery to repair his collapsed lung.  Defendants shackled Mr. Broadnax and transported him to the hospital in a transport vehicle, rather than an emergency medical vehicle.  Defendants removed Mr. Broadnax's surgical stitches on October 7, 2023, which caused an open wound on Mr. Broadnax's chest. Mr. Broadnax alleges that Defendants acted with deliberate indifference to his serious medical needs, causing him severe pain and serious, permanent injuries.  Pursuant to 42 U.S.C. § 1983, Mr. Broadnax brings claims against Defendants for violations of his Eighth Amendment and Fourteenth Amendment rights.

Defendants Fernandez, Reilley and Murray deny Plaintiff's allegations that they showed deliberate indifference to his medical needs or caused any harm to him.

Defendants Bey, Horn, Fults, and Schaeffer deny Plaintiff's allegations that they were deliberately indifferent within the meaning of 42 U.S.C. § 1983.

**4. Specify the allegation of federal jurisdiction.**

This Court has subject matter jurisdiction over this matter pursuant to 28.U.S.C. §§ 1331 and 1343(a)(3) and (a)(4).

**5. Identify the parties who disagree and the reasons.**

None.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Plaintiff's Position: Plaintiff added individual defendants responsible for the policies, practices, and training that Defendants follow when responding to medical emergencies in his Amended Complaint filed November 25, 2024. Plaintiff anticipates that discovery may reveal additional individuals who were aware of and deliberately indifferent to his serious medical needs, but he is not currently aware of their identities. Plaintiff proposes that any additional parties should be added on or before April 7, 2025.

Defendants' Position: Defendants disagree with Plaintiff's position and submit that Plaintiff should be required to request permission from the Court to add parties based on future discovery.

**7. List any anticipated interventions.**

None.

**8. Describe class-action or collective-action issues.**

None.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Plaintiff's Position: Plaintiff served his initial disclosures on November 15, 2024, and believes that Defendants' disclosures should also have been served at that time.

Defendants' Position: Any remaining Defendants will timely serve disclosures following the Court's ruling on all Motions to Dismiss asserting qualified immunity.

**10. Describe the proposed agreed discovery plan, including:**

All dates listed below reflect Plaintiff's proposed discovery plan.  Plaintiff's position is that discovery has commenced and Defendants are obligated to produce discovery pursuant to the applicable rules and timely respond to any discovery requests served by Plaintiff. As discussed at No. 11, Defendants contend that discovery should not commence until the Court has ruled on the affirmative defenses asserted in the motions to dismiss.  Defendants set forth their recommended schedule at No. 11.

**A. Responses to all the matters raised in Rule 26(f), including any agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery.**

3

The Parties have discussed matters raised in Rule 26(f)(3) and agreed to the following:

    i.  **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

Plaintiff's Position: In Plaintiff's view, no changes are necessary with respect to the form or requirement for disclosures under Rule 26(a). As required by Rule 26(1)(c), Plaintiff served his initial disclosures on November 15, 2024, and Plaintiff believes Defendants' disclosures should also have been served at that time.

Defendants' Position: Any remaining Defendants will timely serve disclosures following the Court's ruling on all Motions to Dismiss asserting qualified immunity.

    ii.  **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

Plaintiff's Position: Mr. Broadnax will seek discovery regarding the facts and circumstances surrounding the treatment and non-treatment he received for his collapsed lung in September 2023 as a result of Defendants' actions, as well as the subsequent actions taken by Defendants during his recovery. Mr. Broadnax will seek discovery regarding the policies and practices of the Allan B. Polunsky Unit, Texas Department of Criminal Justice Correctional Institutions Division, and UTMB CMC regarding medical treatment, responding to medical emergencies, and training of staff. With respect to phases, Plaintiff proposes that fact discovery be conducted and completed prior to expert discovery.

Defendants' Position: Subject to the Court's ruling on Motions to Dismiss asserting qualified immunity, Defendants will seek discovery on all Plaintiff's claims. Defendants are opposed to discovery being conducted in phases.

    iii.  **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

Plaintiff will provide a secure file transfer service where Parties will upload all documents.

With the exception of spreadsheet files and multimedia files, discussed below, all documents shall be produced as Bates-stamped tagged image file format ("TIFF") images along with an image load/cross reference file, a data load file with fielded metadata, and document-level extracted text for

electronically stored information ("ESI") or optical character recognition ("OCR") text for scanned hard copy documents and non-searchable ESI.

All such images shall be sequentially Bates-stamped using a consistent length with leading zeros in the number.  The format of the Bates numbers shall not change across productions.

Spreadsheet files (*e.g.,* Microsoft Excel) shall be provided in native format. In lieu of a TIFF image version of each spreadsheet file, a Bates-stamped single-page TIFF placeholder file shall be produced along with the native format version of each file.

Multimedia files (*e.g.,* audio or video files) shall be provided in native format. In lieu of a TIFF image version of each multimedia file, a Bates-stamped single-page TIFF placeholder file shall be produced along with the native format version of each file.

iv. **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

Plaintiff's Position: Plaintiff has a limited number of documents and communications with counsel that are subject to the attorney-client or work product privileges.

Defendants' Position:  Issues regarding claims of privilege or protection of trial preparation materials should be governed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

v. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**

At this time, the Parties do not believe there should be any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure. The Parties intend to file jointly a stipulation and proposed protective order governing the disclosure of confidential information, including Plaintiff's confidential medical information.  The parties will file the stipulation and proposed protective order as soon as the content of the proposed order is agreed upon and finalized.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff proposes to propound interrogatories to all named Defendants on or before

March 24, 2025. Plaintiff proposes to serve initial requests for production of documents on Defendants on or before February 21, 2025.

**C. When and to whom the defendants anticipate they may send interrogatories.**

Subject to the Court's ruling on Motions to Dismiss asserting qualified immunity, Defendants will send interrogatories to Plaintiff no later than 60 days after the Court's ruling on Motions to Dismiss asserting qualified immunity.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Mr. Broadnax proposes to take oral depositions of Defendants and third parties with knowledge of events related to this suit on or before July 31, 2025.

**E. Of whom and by when the defendants anticipate taking oral depositions.**

Subject to the Court's ruling on Motions to Dismiss asserting qualified immunity, Defendants will take the deposition of Plaintiff, and any disclosed experts and witnesses identified by Plaintiff and whom Plaintiff intends to call at trial. These depositions will be taken on or before 280 days after the Court's Order on Defendants' Motions to Dismiss.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff proposes to designate experts and provide reports on issues as to which plaintiff bears the burden of proof by September 2, 2025.

Defendants will designate their experts within 45 days after Plaintiff has identified his.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff intends to depose any expert designated by Defendants on or before October 3, 2025.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date.**

Defendants intend to take the deposition of any experts identified by Plaintiff on or before 260 days after the Court's Order on Defendants' Motions to Dismiss.

**I. In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.**

Not applicable.

**11. If the parties disagree on any part of the discovery plan, describe the separate views and proposals of each party.**

Plaintiff has already provided his initial disclosures and proposes the schedule outlined above and summarized below:

**A.** Initial Disclosures: served by Plaintiff Nov. 15, 2024, to be served by Defendants January 22, 2025.[2]
**B.** Requests for Production: served by February 21, 2025
**C.** Interrogatories: served by March 24, 2025
**D.** Deadline to Amend / Add New Parties: April 7, 2025
**E.** Oral Depositions: completed by July 31, 2025
**F.** Expert Designations: completed by September 2, 2025
**G.** Expert Depositions: Completed by October 3, 2025
**H.** Complete Fact and Expert Discovery: November 3, 2025

Defendants contend that discovery should not commence until the Court has ruled on the affirmative defenses asserted in the motions to dismiss pursuant to *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022). If Defendants' motions to dismiss are denied, Defendants propose the following schedule, calculated in terms of number of days after the court enters its order:

**A.** Initial Disclosures: 21 days after the order
**B.** Interrogatories: 60 days after the order
**C.** Expert Designations: 45 days after Plaintiff's designation
**D.** Expert Depositions: 260 days after the order
**E.** Complete Fact and Expert Discovery, including all depositions: 280 days after the order

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13. State the date by which the parties can reasonably complete the planned discovery.**

Plaintiff proposes to complete discovery on or before November 3, 2025.

---

[2] As discussed in Section 10 above, Plaintiff's position is that discovery has commenced and Defendants are obligated to produce discovery pursuant to the applicable rules and timely respond to any requests served by Plaintiff.

Defendants propose to complete discovery November 21, 2025, depending on the Court's timeline for ruling on dispositive motions.

14. **Discuss the possibilities for a prompt settlement or resolution of the case at your Rule 26(f) meeting.**

The Parties discussed the possibility of settlement.  Plaintiff indicated that he is open to discussing settlement at any time; Defendants indicated that they will be open to discussion of settlement only after resolution of dispositive motions.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The Parties are willing to consider alternative dispute resolution if necessary or appropriate, including mediation before a magistrate judge, as the case progresses.

16. **Magistrate judges may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Respectfully, the Parties do not consent to trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

No jury demand has been made. Defendants have not answered at this stage.

18. **Specify the number of hours it will likely take to present the evidence in this case.**

The Parties estimate approximately 40 hours to present evidence in this case. The Parties will continue to meet and confer on this issue and apprise the Court of any changes.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

20. **List other pending motions.**

As the parties previously advised the Court by letter dated November 1, 2024, the motions to dismiss previously filed with the court are moot as a result of the filing of Plaintiff's Amended Complaint filed on November 25, 2025.  Those motions to dismiss include: ECF 8, filed October 11, 2024 by Defendant UTMB-CMC; ECF 9, filed October 11, 2024 by Defendants Bey, Horn, Neyland, and Schaeffer; ECF 10, filed October 16, 2024 by Defendant Fults; ECF 25, filed October 23, 2024 by Jose Losoya.

Defendants Bey, Fults, Horn, and Schaeffer filed an Amended Motion to Dismiss on

December 9, 2024. (ECF 46.)

Plaintiff filed an Unopposed Motion for Extension of Time to File Brief in Opposition to Defendants Lizette Fernandez, Samantha Horn, Joni Schaeffer, Jamar Bey, Paul Reilley, Suzanne Fults' Motions to Dismiss. (ECF 47.) Plaintiff also filed with the Court a Letter regarding said Unopposed Motion requesting expedited decision on December 20, 2024. (ECF 55.)

Defendants Fernandez, Reilley, and Murray filed a Motion to Dismiss Plaintiff's Amended Complaint on December 16, 2024. (ECF 48.)

Defendants Collier, Linthicum, and Lumpkin filed a Motion to Dismiss on December 20, 2024. (ECF 56.)

21. **List issues or matters, including discovery, that should be addressed at the conference.**

The parties anticipate discussing the procedural status of the case, the case schedule, and Defendants' request for a stay of discovery.

22. **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

Plaintiff filed his Certificate of Interested Parties on November 25, 2024 (ECF 37).

Defendants Fernandez and Reilley filed their Certificate of Interested Parties on November 26, 2024 (ECF 38).

Defendants Bey, Horn, Fults, and Schaeffer filed a Certificate of Interested Parties on November 27, 2024 (ECF 40).

23. **List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

*Counsel for Mr. Broadnax:*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Steven C. Herzog (S.D. Tex. No. 34382, NY State Bar No. 2173623)
Pietro Signoracci (*pro hac vice*, NY State Bar No. 4974135)
Kennedy Barber-Fraser (*pro hac vice*, NY State Bar No. 6008585)
Julia Logue (*pro hac vice*, NY State Bar No. 6144422)

1285 Avenue of the Americas
New York, NY 10019-6064
Phone: (212) 373-3317
Facsimile: (212) 492-0317
sherzog@paulweiss.com

9

psignoracci@paulweiss.com
kbarberfraser@paulweiss.com
jlogue@paulweiss.com

**DAVID ADLER, P.C.**
David Adler (S.D. Tex. No. 17942)
1415 North Loop West, Suite 905
Houston, TX 77008
(713) 666-7576
davidadler1@hotmail.com


*Counsel for Defendants Fernandez, Reilley, and Murray:*

Alyson Chensasky
Assistant Attorney General
Texas State Bar No. 14189300
Southern District ID No. 3869402

Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9814 (Fax)
Alyson.Chensasky@oag.texas.gov

*Counsel for Defendants Bey, Horn, Fults, Schaeffer, Collier, Linthicum, and Lumpkin:*

**ALYSSA CERVANTES**
Assistant Attorney General
Texas State Bar No. 24138546
Southern District of Texas Federal ID No. 3875722

Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9814
Alyssa.Cervantes@oag.texas.gov

Dated:  December 26, 2024

Respectfully submitted,

*By: /s/ Alyssa Cervantes*

**ALYSSA CERVANTES**
Assistant Attorney General
Texas State Bar No. 24138546

***Attorney for Defendants Bey, Horn, Fults,
Schaeffer, Collier, Linthicum, and Lumpkin***

*By: /s/ Alyson Chensasky*
**ALYSON CHENSASKY**
Assistant Attorney General
Texas State Bar No. 14189300

***Attorney for Defendants Fernandez, Reilley, and
Murray***

Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

- and –

By: *s/ Steven C. Herzog*
         Steven C. Herzog

**PAUL, WEISS, RIFKIND
  WHARTON & GARRISON LLP**

Steven C. Herzog
Pietro Signoracci
Kennedy Barber-Fraser
Julia Logue
1285 Avenue of the Americas
New York, NY  10019-6064

***Attorneys for Plaintiff James Broadnax***