**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| JAMES BROADNAX,<br><br>        Plaintiff,<br><br>    v.<br><br>LIZETTE FERNANDEZ, CHRISTY WALLER, SAMANTHA HORN, JONI SCHAEFFER, JAMAR BEY, PAUL REILLEY, SUZANNE FULTS, ALBERT PERKINS, BRYAN COLLIER, BOBBY LUMPKIN, LANNETTE LINTHICUM, and OWEN MURRAY in their individual capacities,<br><br>        Defendants. | Case No. 4:24-cv-03132 |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS PERKINS AND WALLER'S
MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT**

Despite having ***three chances*** and several months to respond to Plaintiff James Broadnax's lawsuit against them, Defendants Albert Perkins and Christy Waller chose to stick their heads in the sand ***until***, as promised by the summons they were personally served with ***twice***, Plaintiff moved for default against them. Their decision to evade this litigation for as long as possible was willful, which alone is fatal to their motion to vacate the entry of default. Defendants Perkins and Waller have made no argument that they were not properly served with the Complaint ***and*** Amended Complaint as well as the Summons, nor have they pointed to any reason why they were unable to timely respond to those pleadings. They should not be allowed to repeatedly disregard applicable court deadlines, and the Court should deny their motion to set aside the Clerk's entry of default.

1

## **NATURE AND STAGE OF THE PROCEEDING**

On August 22, 2024, Plaintiff James Broadnax filed the Original Complaint against "Officer Fisher," also known as Christy Waller,[1] and Albert Perkins, in the Southern District of Texas, asserting violations of his Eighth and Fourteenth Amendment rights, and negligence. (ECF 1.)  On August 27, 2024, the Clerk of Court issued the Summons in a Civil Action to Defendants in this matter. (ECF 3.)  On September 17, 2024, the Summons and Original Complaint were personally served on Defendant Perkins at 81 Evergreen Circle, Pointblank, Texas 77364. (ECF 11.)  The Affidavit of Service was filed with the Court on October 17, 2024. (*Id.*)  The deadline for Defendant Perkins to file an answer, response, and/or otherwise defend himself against the Original Complaint was **October 8, 2024**. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). ***Defendant Perkins did not answer or otherwise respond.***  On September 26, 2024, the Summons and Original Complaint were personally served on Defendant "Officer Fisher" at 180 Private Road, 6137, Woodville, Texas 75979. (ECF 12.)  The Affidavit of Service was filed with the Court on October 17, 2024. (*Id.*)  The deadline for Defendant Waller to file an answer, response, and/or otherwise defend herself against the Original Complaint was **October 17, 2024**. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). ***Defendant Waller did not answer or otherwise respond.***

On November 25, 2024, Plaintiff filed an Amended Complaint against Waller and Perkins. (ECF 35.)  The Amended Complaint contained no new claims, only new factual allegations regarding Defendants' conduct. (*Compare* ECF 1, *with* ECF 35.)  On November 26, 2024, though not required under the Federal Rules of Civil Procedure, Plaintiff sent the Amended Complaint via

---

[1] Plaintiff filed and served the Original Complaint against "Officer Fisher," using Defendant Christy Waller's maiden name. (*See* ECF 1, 2 Ex. 8, 12.)  One of the amendments Plaintiff made when he filed and served the Amended Complaint was changing Waller's name to that of her married name: Christy Waller. (*See* ECF 35, 52.)  Defendant Waller does not dispute that she is "Officer Fisher" as named in the Original Complaint and Summons or that her address has remained the same since the Original Complaint was filed.

UPS Mail Second Day Air to Defendants Perkins and Waller at their respective addresses. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 593 (5th Cir. 2014) (Federal Rule of Civil Procedure "5(a)(2) does not require a party in default be served with a pleading unless that pleading . . . asserts a *new* claim for relief."). The Amended Complaint was delivered to Defendant Perkins on November 29, 2024, (Ex. A), and Defendant Waller on December 2, 2024, (Ex. B). ***Neither Defendant answered or otherwise responded.***

In an abundance of caution, and to ensure that Defendants Perkins and Waller received and had notice of their obligation to respond to the Amended Complaint, Plaintiff decided to serve the Amended Complaint on Defendants Perkins and Waller via a process server, and on December 13, 2024, Defendant Perkins was personally served with the Summons and Amended Complaint at 81 Evergreen Circle, Pointblank, Texas 77364, (ECF 49), and Defendant Waller was personally served with the Summons and Amended Complaint at 180 Private Road, 6137, Woodville, Texas 75979, (ECF 52).[2] The Affidavits of Service were filed with the Court on December 17, 2024. (ECF 49, 52.) Based on the service of the Amended Complaint by process server, the deadline for Defendants to respond to the Amended Complaint was **January 3, 2025**. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). ***Neither Defendant answered or otherwise responded.***

On January 7, 2025, after Defendants Perkins and Waller did not answer or otherwise respond, despite being served twice and sent the Amended Complaint via UPS one additional time, Plaintiff filed a Request for Entry of Default against Officer Fisher, Albert Perkins, [and] Christy Waller. (ECF 67.) Plaintiff served that Request via U.S. mail to Defendants' addresses. (*See id.* at p. 5.) On January 9, 2025, the Clerk entered Default against Defendants. (ECF 70.) Somehow,

---

[2] Plaintiff served the same Summons with the Original Complaint and the Amended Complaint, and thus the Summons served with the Amended Complaint uses the name "Officer Fisher," while the Amended Complaint uses "Christy Waller." (*See* Exs. D, F.) Defendant Waller does not dispute that she is one and the same as the "Officer Fisher" named in the Summons.

Perkins and Waller suddenly gained an understanding that they were defendants in this lawsuit and that their failures to respond could have consequences, as one day later, on January 10, 2025, Defendants filed a Motion to Set Aside as to Clerk's Entry of Default. (ECF 71.) This is Plaintiff's response to that motion.

## STATEMENT OF THE ISSUES

Defendants' motion to set aside the Clerk's entry of default presents the following issues:

1. Whether good cause exists to set aside the Clerk's entry of default. A court examines the following factors: "[W]hether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Wooten* v. *McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015) (internal quotation marks and citations omitted). However, "[a] finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." *Id.* (internal quotation marks and citation omitted). Here, Defendants Perkins and Waller willfully failed to respond to Plaintiff's Complaints three times and their asserted lack of "understand[ing]" of the lawsuit or "familiar[ity] with the legal sector" does not suffice as good cause to set aside the entry of default. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594–95 (5th Cir. 2014); *Matter of Dierschke*, 975 F.2d 181, 184–85 (5th Cir. 1992).

## ARGUMENT

Despite being personally served with both the Original Complaint and Amended Complaint (the "Complaints"), and also separately sent the Amended Complaint via UPS, Defendants Perkins and Waller chose not to respond as required under federal law. Under the circumstances here, their failure was willful and their motion should be denied.

4

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "The court may set aside an entry of default for good cause [under Federal Rule of Civil Procedure 55(c)], and it may set aside a final default judgment under Rule 60(b)." Courts apply the same standard to motions to set aside a default and a judgment by default. *See CJC Holdings, Inc.* v. *Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992). A court looks to three factors to determine whether good cause exists to do so: "whether default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Vaughn* v. *Neb. Furniture Mart, L.L.C.*, 2021 3775313, at *2 (5th Cir. Aug. 25, 2021). However, "[a] finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." *Wooten* v. *McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015) (internal quotation marks and citation omitted). Because Defendants Perkins and Waller's defaults were willful, that is where this Court's analysis should begin and end.

## I.    Defendants Perkins and Waller's Defaults Were Willful

Defendants Perkins and Waller's failure to answer or otherwise respond to the lawsuit asserted against them was willful and thus, good cause does not exist to set aside the entry of default. "Willfulness is defined as an intentional failure to respond to litigation." *Vaughn*, 2021 WL 3775313, at *2 (citing *In re OCA, Inc.*, 551 F.3d 359, 370 n.32 (5th Cir. 2008)). "When, as here, a defendant's neglect causes its failure to respond, the defendant has the burden to convince the court that its neglect was excusable, rather than willful, by a preponderance of the evidence." *Id.* (citing *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014)). Even where parties "offer[] a reason" for their default, it is "within the district court's

discretion" to find the reason is "unacceptable, or perhaps unbelievable, and conclude[] that [the party] did not show that their mistake was excusable." *Id.* This Court should hold that Defendants Perkins and Waller's defaults were willful when they chose not to answer or otherwise respond to Plaintiff's lawsuit against them despite being served with the Complaints, both of which were served by process servers, with a summons explicitly informing Defendants Perkins and Waller of their duty to respond within a specific time period or have judgment by default entered against them.

In their motion, Defendants Perkins and Waller argue that their failure to meet the answer deadline "***last week*** was not a willful violation" as "the sole error here is that Defendants did not meet the procedural time requirement to file a responsive pleading by January 3, 2025." (Mot. 3, 5 (emphasis added).) However, this argument is misleading, as Defendants did not miss the deadline to answer or otherwise respond just once. Rather, ***they missed several***: to begin, Defendants' first deadline to respond dates back to **October 2024**. Defendants Perkins and Waller were personally served with Plaintiff's Original Complaint on September 17, 2024 and September 26, 2024 respectively. *See supra* at p. 2. Affidavits of Service were filed with the Court on October 17, 2024. (ECF 11, 12.) As such, Defendants Perkins and Waller had until **October 8, 2024** and **October 17, 2024** respectively to answer or otherwise respond to Plaintiff's Original Complaint. Neither Defendant did so.[3] *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Next, on November 25, 2024, Plaintiff filed an Amended Complaint, again naming Perkins and Waller as Defendants. (ECF 35.) Plaintiff sent copies of the Amended Complaint to Perkins and Waller on November 26, 2024 via

---

[3] Any argument that Defendants' duty to respond to Plaintiff's Original Complaint was foreclosed by his filing an Amended Complaint is mistaken as Plaintiff did not file a motion for extension of time to file an amended complaint until October 29, 2024, long after either Defendants' deadline to respond to the Original Complaint had passed. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d at 593 (explaining that party "was already in default when the district court granted [p]laintiff's motion to file the [s]econd [a]mended [c]omplaint").

UPS Second Day Air which were delivered on November 29, 2024 and December 2, 2024 respectively.[4]  (Exs. A, B.)  Again, neither Defendant responded.  And finally, on December 13, 2024, Defendant Perkins and Defendant Waller were personally served with the Amended Complaint.  (ECF 49, 52.)  Affidavits of Service were filed with the Court on December 17, 2024.  (ECF 49, 52.)  Based on this service of process, the deadline for Defendants to file an answer, response, and/or otherwise defend themselves against the Amended Complaint was **January 3, 2025**.  Neither Defendant answered or otherwise responded despite being personally served with this suit twice, and separately sent a copy of the Amended Complaint an additional time.  They did not just miss one deadline "last week."  (Mot. 3.)

Defendants also argue that "they did not understand the 'paperwork' served on them" as "[t]hey are not familiar with the legal sector and thus, did not appreciate the gravity of being served a federal summons, nor the quick timeline of needing to obtain counsel or speak with the OAG."  (*Id.*)  This argument is simply unpersuasive for at least two reasons.

*First*, the summons, which was personally served on both Defendants Perkins and Waller *twice*, clearly states as follows:

> To: (*Defendant's name and address*)[5]  **A lawsuit has been filed against you. Within 21 days** after service of **this summons on you** (not counting the day you received it) . . . *you must* serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure . . . .  **If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.**  You also must file your answer or motion with the court.

(Exs. C, D, E, F (emphasis added).)

---

[4] As previously noted, pursuant to Federal Rule of Civil Procedure 5(a)(2), Plaintiff was not required to serve the Amended Complaint because Defendants Perkins and Waller had already defaulted on the Original Complaint, and the Amended Complaint did not assert any new claims against them.  *See supra* at pp. 2–3.

[5] Defendants Perkins and Waller's addresses were included by Plaintiff's counsel each time they were served.  Neither Defendant argues that Plaintiff used the wrong address to serve either Defendant.

There is no ambiguity in this language.  And the fact that Defendants were personally served *twice*, and separately sent the Amended Complaint *a third time*, only highlights that a reasonably prudent person would have taken action to respond to the Complaints.  If every time a party was served, they could evade a lawsuit and default judgment by arguing that they "are not familiar with the legal sector"—*like most parties served with a lawsuit*—or the "quick timeline" of needing to respond to the complaint—*despite the summons against them explicitly stating as such*—plaintiffs would be unable to redress their injuries against those who wronged them. Defendants should not be permitted to simply feign ignorance or confusion and thus be able to evade or slow down the Court's processes, and plaintiffs should not be required to file motions for entry of default in order to finally persuade a recalcitrant party to appear.  *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d at 594 (explaining that "justice and expediency" are "social goals" to be considered).

*Second*, Defendants' claimed lack of understanding that a lawsuit was asserted against them also fails under applicable Fifth Circuit law.  The Fifth Circuit has explicitly stated that "[m]ere confusion or lack of familiarity with the litigation process does not excuse [a defendant's] neglect of [their] responsibility to respond." *UnitedHealthcare Ins. Co.* v. *Holley*, 724 F. App'x 285, 288 (5th Cir. 2018) (citing *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992)).  In *Matter of Dierschke*, 975 F.2d at 184–85, the Fifth Circuit affirmed the district court's finding of willful default where the party failed to answer because he "did not understand that he had been served with a summons."  Likewise, in *In re Chinese-Manufactured Drywall Products Liability Litigation*, 742 F.3d at 595, the Fifth Circuit held that a party's actions were inexcusable where it claimed that it had not understood the legal implications and the significance of the complaint but did not seek legal advice.

Defense counsel's excuses on Defendants' behalf only confirm that default is appropriate here. Pointing to receipts from USPS, defense counsel explains that there was confusion because (1) she "was of the impression that Perkins had been provided a copy of [a] letter for representation, but this was a misunderstanding because Perkins is no longer employed by TDCJ" and (2) although she sent a letter to Defendant Waller "regarding her entitlement to OAG representation[ and t]his letter was sent to the same address where summons had been executed[,]" it "was never signed for and thus returned to the OAG undelivered." (Mot. 2.) With respect to Defendant Perkins, defense counsel's argument says nothing beyond that counsel was not in touch with Defendant Perkins and that counsel mistakenly believed that Defendant Perkins had received a letter offering representation from defense counsel. (*See* Mot. 1–2.) This argument in no way suggests that Defendant Perkins was unaware of the suit filed against him with which he had been served. And with respect to Defendant Waller, defense counsel's argument only confirms that Defendant Waller made a conscious choice to bury her head in the sand, as she not only failed three times to respond to the Complaint and Amended Complaint, but also rejected the delivery of a letter from defense counsel. *See Vecron Exim Ltd.* v. *XPO Logistics, Inc.*, 2022 WL 2392411, at *15 (S.D. Tex. July 1, 2022), *aff'd sub nom. Vecron Exim, Ltd.* v. *Baltagi*, 2023 WL 5346063 (5th Cir. Aug. 18, 2023) (the "definition of willful default" is when a defendant is "aware of the allegations against him and cho[o]se[s] to do nothing," making "relief for good cause [] unavailable to him"). Moreover, the receipts defense counsel provides which show her attempt to reach out to Defendants Perkins and Waller regarding representation are from **mid-December 2024** and **late October 2024** respectively.[6] As such, they do not negate the fact that Defendants both failed to

---

[6] Defense counsel's exhibits show that she sent mail to Defendant Waller on October 25, 2024 and December 18, 2024, (Mot., Ex. B), but Defendant Waller had already defaulted on the Original Complaint when she failed to respond by October 17, 2024.

respond to the Original Complaint in **early and mid-October 2024** as required by the Summons and thus, were already in default.[7] *See supra* at pp. 2, 6.

In sum, Defendants Perkins and Waller do not dispute that they were ***twice*** personally served the Complaints and Summons in this action, which explicitly advised them that they had 21 days to respond to the Complaints, or that they also separately received a copy of the Amended Complaint via UPS. They did nothing because they claim they supposedly lacked "understand[ing]." (Mot. 3.) But "[i]f [Defendants] did not fully understand the significance of the [Complaints], [they] should have sought legal advice." *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d at 595. And the fact that they somehow immediately understood that a response was necessary one day after the Clerk's entry of default, when they filed the instant motion, only confirms that their prior failures to respond were willful.

Defendants were each explicitly warned that if they "fail[ed] to respond" in the time allotted when they were personally served with the Plaintiff's Complaints, "***judgment by default w[ould] be entered against [them] for the relief demanded in the complaint***." (Exs. C, D, E, F (emphasis added).) This Court should deny Defendants' motion to set aside the Clerk's entry of default.

---

[7] It also bears noting that even earlier than the dates of defense counsel's receipts, Defendants' counsel told Plaintiff's counsel that she was ***not*** representing them. On October 25, 2024, ***after*** Defendants Perkins and Waller had already defaulted on the Original Complaint, Defendant's counsel informed Plaintiff's counsel as follows: "Ms. Fisher and Mr. Perkins are entitled to representation by my office. At this time, we have not received a request for such representation but in the event, they do submit a request and provide the necessary paperwork, I would be the attorney representing them." (Ex. G.) Then, on November 1, 2024, during a meet-and-confer for which counsel for Plaintiff and counsel for the Texas Department of Criminal Justice (the "TDCJ") and University of Texas Medical Branch Defendants were present, counsel for the TDCJ Defendants stated that she had no updates regarding representation of Defendants Perkins and Waller and confirmed that she had tried to reach out to them but had not connected with them.

**II.  Any Other Result Should Be Conditioned on Defendants Perkins and Waller Reimbursing Plaintiff for the Costs and Fees Incurred**

Alternatively, should the Court decide to grant Defendants' motion to set aside the Clerk's entry of default, Plaintiff's counsel requests that it be "conditioned on Defendant[s] reimbursing Plaintiff for the costs and fees incurred because of the default, the reasonableness of which the Court will rule on absent an agreement by the parties." *See Till* v. *X-Spine Sys., Inc.*, 2015 WL 3903567, at *5 (N.D. Tex. June 24, 2015) (citation omitted). Plaintiff's counsel worked diligently to negotiate a briefing schedule with Defendants' counsel over the past few months so that Plaintiff could file consolidated responses to the motions to dismiss filed by the ten Defendants who did respond to the Complaint and Amended Complaint in a timely manner. In negotiating this schedule, Plaintiff's counsel asked counsel for the TDCJ Defendants *several times* whether she would be representing Defendants Perkins and Waller so that Plaintiff could likewise plan for and coordinate responses to any potential motions filed by those Defendants. Each time she was asked, counsel for the TDCJ Defendants responded that she did not represent them as they had not sought her representation. (*See, e.g.*, Ex. G; *see also supra* at p. 10 n.7.) Because Defendants Perkins and Waller never responded by their respective deadlines nor did they seek representation from that same counsel up until last week, their conduct and delay forced Plaintiff to incur costs and fees both in moving for entry of default, in responding to this motion to vacate, and in responding to these Defendants' anticipated motions to dismiss, which will presumably be filed if the Court grants their motion to set aside the entry of default, and which will then need to be briefed separately from the motions filed by the other Defendants. *See Joe Hand Promotions, Inc.* v. *Valdez*, 2014 WL 30437, at *2 (N.D. Tex. Jan. 3, 2014) (where "[d]efendants' conduct and delays necessarily caused [p]laintiff to incur attorney's fees in obtaining a default and in responding to [d]efendants' [m]otion to [s]et [a]side [d]efault[,]" defendants had to "pay [p]laintiff its reasonable

attorney's fees associated with obtaining the default and responding to [d]efendant's [m]otion"

"within thirty days").

## **CONCLUSION**

For the foregoing reasons, the Court should deny Defendants Perkins and Waller's motion

to set aside the Clerk's entry of default.

12

DATED: January 24, 2025
New York, New York

Respectfully submitted,

By /s/  *Steven C. Herzog*
      Steven C. Herzog
      Pietro J. Signoracci
      Kennedy Ellen Barber-Fraser
      Harut Minasian
      Julia Victoria Logue
      Jennifer Poretz

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3317
sherzog@paulweiss.com
psignoracci@paulweiss.com
kbarberfraser@paulweiss.com
hminasian@paulweiss.com
jlogue@paulweiss.com
jporetz@paulweiss.com

*Counsel for Plaintiff*

**DAVID ADLER, P.C.**

David B. Adler
1415 North Loop West, Suite 905
Houston, TX 77008
(713) 666-7576
davidadler1@hotmail.com

*Texas Local Counsel for Plaintiff*

13

14

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 24, 2025, I caused to electronically file the foregoing document with the Clerk for the United States District Court, Southern District of Texas.  The electronic case filing system (CM/ECF) will send a Notice of Electronic Filing (NEF) to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: */s/ Steven C. Herzog*
Steven C. Herzog, Esq.