United States District Court
Southern District of Texas
**ENTERED**
February 14, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES BROADNAX, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-24-3132 |
| § | |
| MELISSA ELLIOTT, *et al.*, § | |
| § | |
| Defendants. § | |

**ORDER TO TRANSFER**

Plaintiff James Broadnax is an inmate at the Polunsky Unit of the Texas Department of Criminal Justice—Correctional Institutions Division. Through counsel, he filed an amended civil rights complaint under 42 U.S.C. § 1983 against numerous TDCJ officials based on alleged violations of his constitutional rights during a medical incident that occurred in September 2023. (Docket Entry No. 35). After reviewing Broadnax's amended complaint, the record, and the applicable law, the court transfers this case. The reasons are set out below.

The federal venue statute provides that a civil action may be brought in one of the following: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ."; or (3) "if there is no district where the action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). When venue is proper in multiple districts, the plaintiff has the initial choice of venue. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008) ("*Volkswagen II*"). But under 28 U.S.C. § 1404(a),

the district court may transfer any civil action to any other district or division where it might have been brought either "for the convenience of parties and witnesses" or "in the interest of justice." 28 U.S.C. § 1404(a). This rule "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (cleaned up). Actions may be transferred under § 1404(a) either on a party motion or by the court acting on its own. *See, e.g., Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988); *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

In determining whether to transfer venue, the court considers multiple factors, including: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam) ("*Volkswagen I*") (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir. 2003)). The court may also consider: (1) the administrative difficulties flowing from court congestion; (2) the interest in having local interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the need to avoid unnecessary problems of conflict of laws or the application of foreign law. *Id.* The "plaintiff's choice of forum is not an independent factor within the § 1404(a) analysis." *Volkswagen II*, 545 F.3d at 314-15 & n.10. This is particularly true when the plaintiff is not a resident of the chosen forum or when the operative facts underlying the case did not occur in the chosen forum. *See Franklin v. GMAC Mortg.*, No. 3:13-cv-1680-D, 2013 WL 2367791, at *2 (N.D. Tex. May 30, 2013) (citing *Rimkus Consulting Grp., Inc. v. Balentine*, 693 F. Supp. 2d 681, 690–91 (S.D. Tex. 2010)).

2

Broadnax's amended complaint shows that he is at TDCJ's Polunsky Unit, which is in Livingston, Texas. All of the events underlying his claims occurred either at the Polunsky Unit itself or at St. Luke's Health–Memorial Hospital, which is also in Livingston, Texas. The city is in Polk County, Texas. All the witnesses at the Polunsky Unit and the Hospital live or work in Polk County. Any documents relating to the incidents, as well as any non-party witnesses, are in Polk County. But Polk County is not within the territorial boundaries of the Southern District of Texas. *See* 28 U.S.C. § 124(b). Instead, it is in the Eastern District of Texas, Lufkin Division. *See* 28 U.S.C. § 124(c)(6).

A district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999) (per curiam). The court concludes that it is in the interests of justice to transfer Broadnax's case to the Eastern District of Texas, Lufkin Division, where the alleged civil rights violations occurred, where most of the defendants are located, and where most, if not all, of the non-party witnesses are located. *See* 28 U.S.C. § 1391(b)(1)-(2). The Clerk of Court will transfer this case to the Eastern District of Texas, Lufkin Division, under 28 U.S.C. § 1404(a).

SIGNED on February 14, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge